UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASMINE VINEYARDS, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>D.R. JOHNSON LUMBER CO.,<br><br>　　　　　Defendant. | Case No. 1:24-cv-00882-CDB<br><br>ORDER DENYING DEFENDANT D.R. JOHNSON LUMBER CO.'S MOTION TO EXCLUDE EXPERT TESTIMONY<br><br>(Doc. 16) |

Pending before the Court[1] is the motion of Defendant D.R. Johnson Lumber Co. ("Defendant") to exclude evidence and testimony anticipated to be offered by expert witness Joseph Engel, filed on July 18, 2025. (Doc. 16). On August 1, 2025, Plaintiff Jasmine Vineyards, Inc. ("Plaintiff") filed an opposition to the motion, and on August 11, 2025, Defendant filed a reply. (Docs. 17, 20). Following review of the parties' filings made in connection with the motion, the Court deemed the motion suitable for disposition without hearing and oral argument. (Doc. 21); *see* Local Rule 230(g).

///

///

---

[1] Following all parties' expression of consent to the jurisdiction of a magistrate judge for all further proceedings in this action, including trial and entry of judgment, on October 24, 2024, this action was reassigned to the undersigned pursuant to 28 U.S.C. § 636(c)(1). (Doc. 11).

**I.    Relevant Background**

    **A.    Procedural History and Plaintiff's Factual Allegations**

On February 14, 2024, Plaintiff initiated this action with the filing of a complaint against Defendant and Nationwide Agribusiness Insurance Company[2] in Kern County Superior Court, Case No. BCV-24-100515. (Doc. 1). Plaintiff filed the operative first amended complaint ("FAC") in the state court action on March 14, 2024. *Id.* at 6-8. Defendant removed the action to this Court on July 31, 2024. *See id.* On October 24, 2024, the Court entered the operative scheduling order setting forth case management dates and deadlines, including for discovery, pretrial conference, and trial. (Doc. 12).

In the FAC, Plaintiff asserts a negligence claim against Defendant based on allegations that Defendant "fabricated and/or supplied glulam wood beams in connection with a commercial construction project for Plaintiff" in Kern County, California, to contractors hired by Plaintiff to perform the construction services. (Doc. 1 at 7, ¶ 8). Plaintiff alleges Defendant "assumed and acquired a duty to Plaintiff to use due care in fabricating and supplying [the subject] glulam wood beams. Specifically, Defendant[] had a duty to fabricate and supply glulam wood beams consistent with industry standards and practices and free from material defects and deficiencies, so as to avoid any construction defects and deficiencies and damages to Plaintiff." *Id.* at 7, ¶ 9. Plaintiff alleges that Defendant breached the duty to use due care by "negligently and carelessly fabricating and supplying the glulam beams," resulting in Plaintiff's damages "in an amount presently unknown … to be proved at trial[.]" *Id.* at 7-8, ¶¶ 10, 11.

    **B.    Evidence and Testimony at Issue in Defendant's Motion**

On May 9, 2025, Plaintiff disclosed to Defendant pursuant to Rule 26(a)(2) its notice of non-retained expert witness and the report of Joseph Engel. *See* (Doc. 16-1, Declaration of John C. Hentschel ["Hentschel Decl."], ¶ 6 & Exhibit ["Ex."] B). Relevant here, Plaintiff's notice identified the topics upon which Engel is expected to testify and his opinions related thereto: the

---

[2] On October 23, 2024, Plaintiff voluntarily dismissed Defendant Nationwide Agribusiness Insurance Company from this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (Doc. 10).

alleged failures of the glulam beams, typical characteristics of glued joint failure, reasons for glue joint failure, the difference between glued joint failure and bending capacity failure, and cause therefor, his observations from a site inspection in October 2022, and all other aspects of opinions and conclusions reached in his November 20, 2023. *Id.*, Ex. B. Engel's principal opinion at issue here is that the glue used in Defendant's glulam beams failed, causing joint separation and resulting in failure of the beams, that the beams were lightly stressed at the point of failure and relatively lightly loaded at the time of failure, and that replacement of the glulam beams was necessary at the time to prevent further damage to and/or collapse of the structure. *Id.*

According to Plaintiff's Rule 26(a)(2) notice and counsel for Plaintiff's declaration in opposition to Defendant's motion, Engel has testified as an expert at numerous depositions and also was qualified as an expert in the field of structural engineering in a state court trial on one prior occasion. *Id.*; *see* (Doc. 17-1, Declaration of Elizabeth Estrada, ¶ 12).

Regarding the subject of his anticipated testimony, Engel offers that one manner in which a glulam beam under load may fail when it is not loaded beyond its expected capacity is where a glued joint fails due to a beam fabrication error. *Id.* Engel identifies various causes of glue joint defects and notes that "[r]egardless of the reason of the glued joint failure, the evidence of the failure can be clearly seen when the failed beam is carefully examined." *Id.*

## II.     Governing Authority

Federal Rule of Evidence ("Rule") 702 governs the admissibility of expert testimony. Under Rule 702, a proposed expert witness must first qualify as an expert by "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. The proposed expert witness may then testify in the form of an opinion if: "(a) the expert's ... specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." *Id.*

The trial court serves a special "gatekeeping" function with respect to Rule 702. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999). The trial court must make an initial assessment of the proposed expert testimony to ensure that it "rests on a reliable foundation and is relevant to

1   the task at hand." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993) ("*Daubert I*").
2   "In other words, the trial court must consider (1) whether the reasoning or methodology underlying
3   the expert testimony is valid (the reliability prong); and (2) whether the reasoning or methodology
4   can be applied to the facts in issue (the relevancy prong)." *Sullivan v. Costco Wholesale Corp.*,
5   No. 1:17-cr-00959-LJO-EPG, 2018 WL 4057447, at *2 (E.D. Cal. Aug. 23, 2018) (citing *Daubert*
6   *I*, 509 U.S. at 592-93).

7       "To determine the reliability of expert testimony, the Supreme Court has identified four
8   factors that a trial court may consider: (1) whether the scientific knowledge ... can be (and has been)
9   tested; (2) whether the theory or technique has been subjected to peer review and publication; (3)
10  the known or potential rate of error; and (4) general acceptance." *Id*. (internal quotations and
11  citations omitted). These factors, however, are not exclusive and district courts have discretion in
12  to assess the reliability of proposed expert testimony. *Id*. (citing *Kumho Tire*, 526 U.S. at 141-42,
13  150). As to relevancy, the Supreme Court has explained that expert testimony is relevant if it assists
14  the trier of fact in understanding evidence or determining a fact in issue in the case. *Daubert I*, 509
15  U.S. at 591.

16      The proponent of the expert testimony carries the burden of proving its admissibility. *See*
17  *Lust v. Merrell Dow Pharms., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996). "In the context of expert
18  scientific testimony, the Ninth Circuit has explained that the proponent meets this burden by
19  offering 'some objective, independent validation of the expert's methodology' establishing that the
20  expert's findings are based on 'sound science.'" *Sullivan*, 2018 WL 4057447, at *2 (quoting
21  *Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1316 (9th Cir. 1995)) ("*Daubert II*"). The
22  Ninth Circuit recently has clarified that under the 2023 amendments to Rule 702, the proponent of
23  the evidence bears the burden of showing by a preponderance standard that the facts and data the
24  expert relies upon in forming his opinions are sufficient and the methods and principles applied are
25  reliable. *Engilis v. Monsanto Co.*,-- F.4th --, 2025 WL 2315898, at *5-7 (9th Cir. Aug. 12, 2025).

26  **III.**    **Parties' Contentions**

27      Defendant first argues that Mr. Engel's testimony fails the Rule 702(b) standard because he
28  lacks the requisite qualifications to testify on whether glue issues caused the glulam beams to fail.

(Doc. 16 at 7). Defendant notes Mr. Engel conceded at deposition he is not a "glue expert" and that his only knowledge on the glue used in the manufacture of glulam beams was based on two internet articles he downloaded the morning of his deposition. *Id*. Defendant also notes Mr. Engel did not engage in any scientific analysis of the subject beams, nor did he ask to inspect any of the samples or testing performed by Defendant's experts. *Id*.

To this argument, Plaintiff notes that Mr. Engel's relevant knowledge, skill, education and experience includes his bachelor's degrees in civil and mechanical engineering, his practice as a licensed civil and structural engineer for over 40 years, his design of numerous cold storage facilities in the local area specifically for table grape storage, including Plaintiff's cold storage room at issue here, and his observations of the subject glulam beams shortly after their alleged failure. (Doc. 17 at 4, 8). Plaintiff argues that such knowledge, skill, and experience qualifies Mr. Engel to opine (relevant to Defendant's motion) that the gaps or voids he observed in the glue between the beams' lamina resulted in increased shear stresses, weakening and compromising the integrity of the beams to the point that they could not withstand the loads the beams were intended to support." *Id*. at 5.

Defendant separately but relatedly argues that, because Mr. Engel lacks adequate knowledge, skill, and experience, his testimony could not helpfully assist the trier of fact determine the ultimate issue of whether Defendant failed to use the amount of care in designing the glulam beams that a reasonably careful designer or manufacturer would have used in similar circumstances. (Doc. 16 at 7-8). To this argument, Plaintiff argues that Mr. Engel's opinions pass Rule 702's reliability test given his qualifications summarized above and his relevant observations of the glulam beams at issue, notwithstanding Defendant's assertion of certain purported deficiencies (such as Mr. Engel's conceded lack of expertise concerning glue and lack of employment background in either the glue or glulam beam industry and that fact the he did not take samples of the beams or inspect samples taken by Defendant's experts). *Id*. at 16-19. Plaintiff further notes that Mr. Engel's opinion will assist the trier of fact consider the interconnection between the beams' glue joints and the gaps thereby, the resulting movement of lamina, and the effects such movement would have on the integrity of the beams. *Id*. at 20.

## IV. Discussion

### A. Engel is Qualified to Render the Challenged Opinions

"Rule 702 does not require that an expert's qualifications be narrowly defined, and 'contemplates a broad conception of expert qualifications.'" *Sullivan*, 2018 WL 4057447, at *3 (quoting *Thomas v. Newton Intern. Enters.*, 42 F.3d 1266, 1269 (9th Cir. 1994)).

Engel seeks to opine that he observed gaps in the glue between the glulam beams' lamina and that such gaps resulted in shear stresses that compromised the integrity of the beams. He specifically notes that, "[r]egardless of the reason of the glued joint failure, the evidence of the failure can be clearly seen when the failed beam is carefully examined." Engel's degrees in civil and mechanical engineering, his state licensures in civil and structural engineering, his long experience in the field, his experience designing cold storage facilities specifically for table grape storage, including the facility at issue here, and the fact that he has testified at deposition numerous times and recently was qualified in a state court civil case as an expert witness in structural engineering demonstrates sufficient "knowledge, skill, experience, training, or education" (Fed R. Evid. 702) to render such opinions.

Engel is not being proffered to render opinions concerning the nature and composition of the glue used in the glulam beams, or to offer opinions about why or how any glue deficiencies occurred. Thus, the Court disagrees with Defendant's proposition (Doc. 20 at 2-3) that only a "glue or glue performance" expert could opine about the import of gaps observed in a beam and whether such gaps could compromise a beam. *See Doe v. Cutter Biological, Inc.*, 971 F.2d 375, 385 (9th Cir. 1992) ("Ordinarily, courts impose no requirement that an expert be a specialist in a given field, although there may be a requirement that he or she be of a certain profession."); *Exum v. Gen. Elec. Co.*, 819 F.2d 1158, 1163 (D.C. Cir. 1987) (reversing district court's exclusion of engineer who lacked expertise in "kitchen design" and had "never examined a kitchen of a fast food restaurant" and finding expert qualified to testify in products liability action against manufacturer of industrial fryer).

Defendant advances various complaints about Engel's lack of qualifications, including his lack of employment history in a glulam beam manufacturing plant and his failure to review

6

1  discovery documents to inform his opinions and conclusions. These purported deficiencies do not
2  render him unqualified to offer expert testimony and reflect "an overly pinched application of the
3  qualification prong of Rule 702." *Id.* Rather, the extent of Engel's specialized knowledge in the
4  specific field of glulam beam failure goes to the weight afforded to his opinion by the trier of fact,
5  not to its admissibility. *See United States v. Garcia*, 7 F.3d 885, 889–90 (9th Cir.1993); *Sullivan*,
6  2018 WL 4057447, at *4.

**B.     Engel's Opinions are Relevant and Would Assist the Jury**

Generally, "[e]xpert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry" and "reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline." *Engilis*, 2025 WL 2315898, at *3 (quoting *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc*., 738 F.3d 960, 969 (9th Cir. 2013)).

In arguing that Engel should be precluded from testifying because his testimony would not assist the jury, Defendant relies on the same argument advanced regarding Engel's lack of qualifications as a "glue expert" and points out that Engel based his opinions only on his physical observations and moisture testing of the beams, but did not take samples from the beams. (Doc. 116 at 3). Otherwise, Defendant does not directly challenge that Engel relied on improper data or applied unreliable principles and methods in rendering his opinions. This is not surprising given that Defendant's expert witness, Ali Moradi, similarly relied on his physical observations and moisture measurements of the glulam beams to arrive at competing conclusions regarding the cause of the beams' alleged failure. *See* Hentschel Decl., Ex. A. Given that the parties' two relevant expert witnesses in this case relied on similar types of data and moisture measurements in forming their opinions and conclusions, the Court finds for purposes of Defendant's pretrial motion to exclude that Plaintiff has shown it is more likely than not that Engel relied on sufficient facts and data and applied reliable principles and methods in rendering his opinions.

Defendant's argument that Engel's opinions are irrelevant because they do not squarely address whether Defendant breached the applicable standard of care (Doc. 20 at 3-4) is unpersuasive. Whether or not expert testimony is necessary in this case on the applicable duty of care and breach thereof, Plaintiff must also prove causation to prevail on its negligence cause of

action. *See generally Jimenez v. Super. Ct.*, 29 Cal. 4th 473 (2002). And because Engel's testimony bears on and would assist the jury determine the cause of the glulam beams' failure, his testimony is relevant. *Daubert*, 509 U.S. at 591 (expert testimony is relevant if it assists the trier of fact in understanding evidence or determining a fact in issue in the case).

### V. Conclusion and Order

Based on the foregoing, IT IS HEREBY ORDERED Defendant D.R. Johnson Lumber Co.'s motion to exclude evidence and testimony (Doc. 16) is DENIED.

IT IS SO ORDERED.

Dated:   **September 15, 2025**   _____
UNITED STATES MAGISTRATE JUDGE